Citation Nr: 1542405 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 08-26 523 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas



THE ISSUE

Entitlement to service connection for hypertension. 



REPRESENTATION

Veteran represented by: Texas Veterans Commission



ATTORNEY FOR THE BOARD

M. Taylor, Counsel




INTRODUCTION

The Veteran served on active duty from October 1963 to October 1983. This matter comes before the Board of Veterans' Appeals (Board) on an appeal from a September 2006 rating decision issued by the Regional Office (RO) in Houston, Texas.

In November 2014, the Board reopened the claim of entitlement to service connection for hypertension, and remanded the reopened claim of service connection for hypertension for additional development, to include a VA examination. The case has been returned to the Board for further appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran asserts onset of hypertension during service and that he has had hypertension ever since. 

The September 2015 VA examination report reflects an opinion that the Veteran's currently diagnosed hypertension did not have its onset during service or within the initial year after separation, and was not otherwise related to service, to include presumed exposure to Agent Orange during service in Vietnam, and that it was not caused or aggravated by service-connected PTSD. The opinion was based on the examiner's finding that although a February 1982 service treatment record reflecting a diagnosis of gastroenteritis showed blood pressure was 140/98, on follow up two days later for a three-day blood pressure check, blood pressure was normal. 

The opinion, however, does not address a January 1966 service treatment record reflecting complaints of sudden onset of pain in the left chest radiating down the left arm of one hour duration, with blood pressure of 144/90 and 156/90, and notation of "Sinus arrhythmia - Tachycardia," assessed as possible pericarditis. As such, the opinion is not completely adequate for a determination. Once VA undertakes the effort to provide a medical examination or opinion, it must provide an adequate one. Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007). Therefore, the Veteran is to be afforded a new VA examination with respect to the nature and etiology of cardiovascular disease, to include hypertension. 

Prior to the examination, any outstanding records of pertinent medical treatment must be obtained and added to the record.

Accordingly, the case is REMANDED for the following action:

1. Return the file to the VA examiner who performed the examination in September 2015 for an addendum opinion that specifically considers not only the February 1982 service treatment record showing blood pressure was 140/98,but also the January 1966 service treatment record reflecting complaint of sudden onset of pain in the left chest radiating down the left arm of one hour duration, with blood pressure of 144/90 and 156/90. 

The examiner must provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that cardiovascular disease, to include hypertension, had its onset during service or within the initial year after separation, or is otherwise related to his active service, to include presumed exposure to Agent Orange during service in Vietnam, or is caused by or aggravated by service-connected PTSD. 

The term "aggravation" means a permanent increase in the claimed disability; that is, an irreversible worsening of the condition beyond the natural clinical course and character of the condition due to the service-connected disability as contrasted to a temporary worsening of symptoms.

A rationale for all opinions expressed should be provided. 

2. Then, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
JOHN H. NILON
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).